CRAIG P. FAGAN, State Bar No. 149556
**LAW OFFICES OF CRAIG P. FAGAN**
4512 4th Street
La Mesa, CA 91941
Telephone: (619) 303-4753
email: cpfagan@faganlegal.com

Attorneys for Plaintiff Cara Mosedale

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARA MOSEDALE, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> FABS GROUP, INC., A California Corporation doing business as FULL ASSOCIATION BUSINESS SERVICE DBA TAHOE MANAGEMENT; JOYCE DARLENE BERG, an Individual; JOYCE DARLENE BERG AS TRUSTEE OF THE BERG FAMILY REVOCABLE LIVING TRUST 2023; and Does 1-10, <br><br> Defendants | No. <br><br> **COMPLAINT FOR DAMAGES; DEMAND FOR TRIAL BY JURY** <br><br> _____ |

**COMES NOW** Plaintiff Cara Mosedale ("Plaintiff") and alleges as follows:

I.

**INTRODUCTION**

1. This action seeks monetary, declaratory, and injunctive relief against defendants for refusing to rent a unit at the property located at 2967 Fresno Avenue, South Lake Tahoe, CA 96150 (hereinafter "the Subject Property") due to the presence of Plaintiff's emotional support animal, and thereby discriminated against Plaintiff due to a disability, in violation of the Fair Housing Act and/or the Fair Employment and Housing Act, in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related federal and state laws.

II.

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of related facts. Plaintiff's state law claims are related to Plaintiff's federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution. Venue is proper in that the claims alleged herein arose within the City of South Lake Tahoe, El Dorado County, California.

III.

**PARTIES**

3. Plaintiff Cara Mosedale resides in South Lake Tahoe, El Dorado County, California.
4. Defendant Joyce Darlene Berg and Defendant JOYCE DARLENE BERG AS TRUSTEE OF THE BERG FAMILY REVOCABLE LIVING TRUST 2023, reside in Stockton, San Joaquin County,

California.

5. Defendant FABS Group, Inc. aka Full Association Business Service dba Tahoe Management (hereinafter FABS) is a California Corporation, whose license was suspended by the Secretary of State of California in October 2024. At all times, herein, FABS was working as the property manager for the Subject Property, and was doing so upon behalf of all Defendants. FABS principal place of business is Livermore, Alameda County, California.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by such Defendants.

7. Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this compliant, was acting within the course and scope of his or her or its actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

**IV.**

**FACTS**

8. In 2018, Plaintiff Cara Mosedale entered into an agreement with Defendant Joyce Darlene Berg to lease the Subject Property located at 2967 Fresno Avenue, South Lake Tahoe, CA 96150. At the time, Defendant Joyce Berg was the owner of the Subject Property. At that time, Defendant FABS Group, Inc. aka Full Association Business Service dba Tahoe Management (hereinafter FABS) was the property management company handling the rental of the Subject Property upon behalf of Defendant Joyce Berg at that time.

9. On September 12, 2023, Defendant Joyce Berg transferred title to the Subject Property to Defendant JOYCE DARLENE BERG AS TRUSTEE OF THE BERG FAMILY REVOCABLE LIVING TRUST 2023 (hereinafter "The Berg Trust"). Thereafter, the Berg Trust agreed to allow Ms. Mosedale to continue to live in the Subject Property as a tenant. At this same time, the Berg Trust allowed FABS to continue on as the property manager for the Subject Property.

10. Ms. Mosedale lived at the Subject Property without incident until late 2024, when FABS learned that she had a pet living with her at the Subject Property. On September 19, 2024, FABS sent a text to Ms. Mosedale, informing her that they were aware of her pet and that she needed to permanently remove the pet.

11. The following day, Ms. Mosedale informed FABS that her minor daughter lived with her part-time, and that the pet was at the Subject Property only when she visited. Ms. Mosedale also informed FABS that the dog was an emotional support animal for her daughter. To this end, on September 20, 2024, Ms. Mosedale sent a text message to FABS, which included a copy of a letter from her and her daughter's psychiatrist, Nancy Griff, M.D., which indicated that it was medically necessary for Ms. Mosedale and her daughter to both have an emotional support animal.

12. Thereafter, on September 23, 2024, Mariah Hodgers, an employee of FABS, responded to Ms. Mosedale's ESA letter, asking if she wanted to "recant" her alleged previous statement that she didn't own any pets. Ms. Mosedale sent a response, stating that she was not recanting anything. Rather, she informed Ms. Hodgers that she and her daughter required an emotional support animal, stating "we have an ESA for me and my daughter."

13. Over the next several weeks, FABS tried to schedule a time to come to Ms. Mosedale's unit for the ostensible reason of inspecting her smoke detectors to make sure they were working. FABS was pushy, demanding that they be allowed to inspect even when Ms. Mosedale was not home. During this time, on September 26, 2024, Ms. Mosedale sent another text message to FABS, informing them that she had an emotional support animal in the home. In this text message, she indicated that she was becoming stressed from their refusal to work with her on setting a time for FABS to come inspect. She also informed FABS that she had previously been robbed, and wanted to ensure someone was home when they inspected.

14. The following day, September 27, 2024, FABS posted a "Three-Day Notice to Perform or Quit" on Ms. Mosedale's front door. The Notice complained about Ms. Mosedale failing to allow entrance into her unit, so that the smoke alarms could be inspected. Ms. Mosedale contacted FABS, and learned that it was issued because FABS was upset that they could not gain access to her unit to inspect. Ms. Mosedale subsequently agreed to be present on October 2 for an inspection. Ms. Mosedale closed down her family café for the day, and waited at home all day on October 2 for FABS to send someone to inspect, but nobody came. Thereafter, FABS apologized, and promised to send someone to inspect the smoke detectors on October 8.

15. On October 8, a woman sent by FABS came to inspect the home. Ms. Mosedale was there to greet her and let her in. The woman walked throughout the unit, but never tested the smoke detectors. Finding this odd, Ms. Mosedale commented to the woman, "I thought you were here to inspect the smoke detectors." The woman was confused, then said, "I was told to take pictures and look for animals." She left without testing the smoke detectors. After she left, Ms. Mosedale sent a text message, along with a copy of a letter from the therapist from her daughter's therapist, showing that her daughter required an ESA, while also querying why this woman came to the house, but never inspected the smoke detectors.

16. On November 27, 2024, FABS issued a Notice of Termination of Tenancy upon Ms. Mosedale. Ms. Mosedale was not delinquent on her rent at the time. The Notice gave no reason for its issuance.

17. Ms. Mosedale moved out in February 2025, in response to the Notice of Termination of Tenancy. Prior to the move-out, she met at the Subject Property with a representative from FABS to conduct the final walkthrough. The representative stated that it was too dark to take any pictures.

18. On February 18, 2025, FABS informed Ms. Mosedale that she would be charged $20,000 for replacement carpeting, $10,000 to reface kitchen cabinets, and $6,700 to paint the interior of the unit, along one month of missed rent, and a few minor charges, totaling over $42,000. The charges were false and not legal.

* * *

# V.

# INJURIES

19. By reason of defendants' unlawful acts and practices, Plaintiff has suffered loss of important housing opportunities, deprivation of the full use and enjoyment of her tenancy, and emotional distress and physical injury, humiliation and mental anguish, fear, stress, including bodily injury such as stomach aches; head aches; sleep loss; feelings of depression, discouragement, anger, and nervousness; and reliving the experience; and other special and general damages according to proof.

20. In doing the acts of which plaintiffs complain, Defendants and its agents and employees intentionally or recklessly violated Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages.

# VI.

# FIRST CLAIM

**(Fair Housing Act)**

21. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

22. In committing the acts herein above alleged, Defendants FABS GROUP, INC., A California Corporation doing business as FULL ASSOCIATION BUSINESS SERVICE DBA TAHOE MANAGEMENT; JOYCE DARLENE BERG, an Individual; JOYCE DARLENE BERG AS TRUSTEE OF THE BERG FAMILY REVOCABLE LIVING TRUST 2023, and DOES 1 through 10 (hereinafter collectively "Defendants") injured Plaintiff by refusing to rent a unit at the Subject Property to Plaintiff Cara Mosedale after learning that Plaintiff required an emotional support animal, as hereinabove alleged, thereby committing disability discrimination in violation of the Fair Housing Act, 42 U.S.C. §3604(c), (d), and (f).

23. By committing the actions hereinabove alleged, all Defendants committed discriminatory

housing practices in violation of the Fair Housing Act, 42 U.S.C. §3604(f) by refusing to rent a unit at the Subject Property due to Plaintiffs' request for a service animal in violation of 42 U.S.C. §3604(c), (d), and (f), which constituted disability discrimination.

## SECOND CLAIM

### (California Fair Employment and Housing Act)

24. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this complaint.

25. In committing the acts herein above alleged, Defendants FABS GROUP, INC., A California Corporation doing business as FULL ASSOCIATION BUSINESS SERVICE DBA TAHOE MANAGEMENT; JOYCE DARLENE BERG, an Individual; JOYCE DARLENE BERG AS TRUSTEE OF THE BERG FAMILY REVOCABLE LIVING TRUST 2023, and DOES 1 through 10 (hereinafter collectively "Defendants") injured Plaintiff Cara Mosedale by refusing to rent a unit at the Subject Property to Plaintiff Cara Mosedale after learning that Plaintiff required an emotional support animal, as hereinabove alleged, thereby committing disability discrimination in violation of California Fair Employment and Housing Act, California Government Code §§12927 and 12955 *et seq.*, including Govt. Code §12955(d).

26. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

## THIRD CLAIM

### (Negligent Hiring and Supervision in Violation of CA Civil Code §1714 and Common Law)

27. Plaintiff realleges and incorporates by reference all preceding paragraphs of the complaint herein.

28. As owner and manager of the Subject Property, Defendants FABS GROUP, INC., A

California Corporation doing business as FULL ASSOCIATION BUSINESS SERVICE DBA TAHOE MANAGEMENT; JOYCE DARLENE BERG, an Individual; JOYCE DARLENE BERG AS TRUSTEE OF THE BERG FAMILY REVOCABLE LIVING TRUST 2023, and DOES 1 through 10 (hereinafter collectively "Defendants") owed a duty of care under common law and California Civil Code §1714 to exercise due care in management and operation of the Subject Property so as to avoid foreseeable injury to others.

29. Defendants breached their common law and statutory duties of due care by refusing Plaintiff Cara Mosedale from having an emotional support animal, and by terminating her tenancy as result of such, as hereinabove alleged.

30. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer actual and consequential damages, including deprivation of the full use and enjoyment of Plaintiff's tenancy, and to suffer emotional distress and physical injury, humiliation and mental anguish, physical distress, impairment of health, fear, stress, including bodily injury such as stomach aches; knots in stomach; head aches; sleep loss; feelings of depression, discouragement, dry throat, rise in body temperature, anger, marital stress, nervousness; trouble sleeping; and reliving the experience. Plaintiff has suffered damages in an amount to be proven at time of trial.

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

# VII.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cara Mosedale requests entry of judgment against Defendants FABS GROUP, INC., A California Corporation doing business as FULL ASSOCIATION BUSINESS SERVICE DBA TAHOE MANAGEMENT; JOYCE DARLENE BERG, an Individual; JOYCE DARLENE BERG AS TRUSTEE OF THE BERG FAMILY REVOCABLE LIVING TRUST 2023, and DOES 1 through 10, Inclusive, (hereinafter collectively "Defendants") that:

1. Awards compensatory damages according to proof;
2. Awards punitive damages;
3. Declares that Defendants have violated the provisions of the applicable state and federal fair housing laws;
4. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of disability;
5. Awards costs of suit herein incurred;
6. Awards reasonable attorneys' fees under state and federal fair housing laws;
7. Awards reasonable attorney's fees pursuant to 42 U.S.C. 3613(c)(2); CA. Govt. Code §12965(b); CA Govt. Code 12989.2; and
8. Awards such other and further relief as the court may deem proper.

Dated: July 16, 2025                                    LAW OFFICES OF CRAIG P. FAGAN

By: **/s/Craig P. Fagan**
Craig P. Fagan
Attorneys for Plaintiff
Cara Mosedale

## VIII.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated: July 16, 2025                              LAW OFFICES OF CRAIG P. FAGAN


By: **/s/Craig P. Fagan**
Craig P. Fagan
Attorneys for Plaintiff
Cara Mosedale